OPINION
Appellant, Tammy Spires ("Appellant"), appeals the judgments of the Marion County Court of Common Pleas, Juvenile Division, terminating her parental rights and responsibilities and granting permanent care and custody of her two minor children to Appellee, Marion County Children's Services Board ("Children's Services"). For the reasons set forth below, we affirm the judgments of the trial court.
The pertinent facts of the cases are as follows. Appellant is the biological mother of two children.[1] Appellant married Richard E. Spires in 1992.[2] The children, Elizabeth Piatt, d.o.b. July 7, 1985, and Mitchell Piatt, d.o.b. June 22, 1988, have had a long history with Children's Services. Since 1988, at least four complaints have been filed against Appellant alleging neglect of her children. On more than one occasion, both children were temporarily removed from Appellant's custody and placed into foster care.[3]
In October of 1997, Appellant and her children were evicted from their home. Children's Services intervened and arranged for the family to stay at a motel. Children's Services paid the first month's rent at the motel. On November 11, 1997, the family was evicted from the motel. Thereupon, on November 13, 1997, Children's Services filed a complaint requesting permanent care and custody of the two children. Children's Services was then granted temporary care and custody of the children. A permanent custody hearing was then held on October 15, 1998. On December 29, 1998, the trial court issued its journal entry granting permanent care and custody of the children to Children's Services.
It is from this judgment that Appellant now appeals, asserting four assignments of error. We will address Appellant's first and second assignments of error simultaneously, as each concern the same issue raised under this appeal?whether the trial court erred in finding that the children should not be placed with either parent and that the best interests of Elizabeth and Mitchell would be served if permanent care and custody were granted to Children's Services.
ASSIGNMENT OF ERROR NO. I
 The trial court erred as a matter of law when it ruled that it was in the best interest of the children to grant permanent custody to the Marion County Children's Services Board.
ASSIGNMENT OF ERROR NO. II
 The trial court erred as a matter of law when it ruled that the children should not be placed with either parent.
R.C. 2151.353(A)(4) authorizes a trial court to grant permanent custody to a public children's services agency in the event that a child has been adjudicated abused, neglected, or dependent. R.C. 2151.353(A)(4) provides in pertinent part as follows:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
* * *
 (4) Commit the child to the permanent custody of a public children's services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child.
Pursuant to the foregoing statute, a trial court's decision to grant permanent custody under R.C. 2151.353 must also be in accordance with R.C. 2151.414. R.C. 2151.414(D) first requires a court to find by clear and convincing evidence that permanent placement is in the child's best interest. Clear and convincing evidence has been defined as the following:
 [T]hat measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2151.414(D) also mandates that in order to resolve the best interest of the child inquiry, the court consider all relevant factors, including, but not limited to, the following four factors:[4]
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
R.C. 2151.414(E) next requires a trial court to find by clear and convincing evidence that the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. The trial court must determine whether one or more of the statute's enumerated factors exist as to each of the child's parents in order to properly enter such a finding. If none of the factors exist, a court may not grant permanent custody to the children's services agency. In re William S. (1996),75 Ohio St.3d 95, syllabus. Said factors include the following:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home; * * *
 (2) * * * [C]hemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 (3) The parent * * * caused the child to suffer any neglect as described in section 2151.03 of the Revised Code * * *;
 (4) The parent has demonstrated a lack of commitment toward the child by * * * actions showing an unwillingness to provide an adequate permanent home for the child[.]
Prior to commencing our inquiry, we note that "[j]udgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Accordingly, "the decision of a trier of fact relating to a motion for permanent custody of children will not be overturned as against the manifest weight of the evidence, so long as the record contains competent credible evidence from which the trial court could have formed a firm belief or conviction that the essential statutory elements have been established." In the Matter of Lawson/Reid Children (Apr. 18, 1997), Clark App. No. 96-CA-0010, unreported.
Further, a trial court's determination in a child custody proceeding is subject to reversal only upon a showing of an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
We begin our analysis by addressing the best interest inquiry and the relevant factors contained in R.C. 2151.414(D), particularly R.C. 2151.414(D)(4) the child's need for legally secure permanent placement, and whether that type of placement can be achieved without a grant of permanent custody to Children's Services. In the case at bar, a review of the record reveals clear and convincing evidence that permanent custody with Children's Services is in the best interest of the children.
Specifically, the evidence presented at the permanent custody hearing established that the family has been evicted from suitable housing ten times since the children have been born. Moreover, the family had lived in six different residences in an eighteen month span. During the period from 1989 through 1994, the children were temporarily removed from their mother's custody on three separate occasions. The record also reveals that both Appellant and Mr. Spires have had on-going drug and alcohol problems.[5] Testimony at the hearing further revealed that on several occasions Mitchell did not receive his medication because Appellant was not at home for several days. Dr. Roy Shapiro, a psychologist, also testified that Mitchell "needs a long term living situation that will be safe and meets his emotional needs."
The evidence before this Court clearly demonstrates that the children are in need of legally secure permanent placement, and that type of placement can only be achieved with a grant of permanent custody to Children's Services. Based upon the foregoing, we find that the trial court's determination as to the children's best interest was supported by clear and convincing evidence, and we find that the record contains competent, credible evidence from which the trial court could have formed a firm belief or conviction that the essential statutory elements have been established. For these reasons, we find no abuse of discretion in the trial court's decision.
We now turn to the question of whether clear and convincing evidence exists to support the trial court's determination that the children cannot be placed with either parent within a reasonable time, or should not be placed with the parents.[6]
A complete and thorough review of the record reveals that at least one of the enumerated factors of R.C. 2151.414(E) exists as to each parent in the present case. Specifically, R.C.2151.414(E)(1), (2), (3), and (4) are applicable to the case herein.
A review of the record reveals, by clear and convincing evidence, the following: (1) Despite reasonable case planning and diligent efforts by Children's Services to assist and help the parents, both parents have repeatedly failed to remedy the problems that initially caused the children to be placed outside the home,[7] (2) both parents have had drug and alcohol problems;[8] (3) both parents have caused the children to suffer on-going neglect;[9] and (4) both parents have demonstrated a lack of commitment toward the children in failing to provide an adequate permanent home for the children.[10]
Based upon the foregoing, we conclude that the trial court's decision to grant permanent custody to Children's Services was supported by clear and convincing evidence, and we find that the record contains competent, credible evidence from which the trial court could have formed a firm belief or conviction that the essential statutory elements have been established. For these reasons, we find no abuse of discretion in the trial court's decision.
Accordingly, Appellant's first and second assignments of error are overruled.
ASSIGNMENT OF ERROR NO. III
 The trial court erred as a matter of law in permitting hearsay testimony into evidence over the objection of counsel.
Appellant asserts in her third assignment of error that the trial court erred in allowing, over her objections, several hearsay statements into evidence. For the following reasons, we do not agree.
Juv.R. 34(I) states, in pertinent part: "The Rules of Evidence shall apply in hearings on motions for permanent custody." Thus, hearsay evidence, unless demonstrated to fall within an exception to the hearsay rule, is inadmissible in a permanent custody hearing.
In the case before us, Appellant asserts the following statements made by Police Officers Michael Radcliff and Jerry Zacharias during the hearing constitute inadmissible hearsay: (1) that Richard Spires had been arrested for an alleged act of domestic violence against Appellant, and that the charge was ultimately dropped; (2) that Appellant had been absent from the home for a period of three days; and (3) that Appellant "crushed" Mitchell's medication, which she then snorted.
Having thoroughly reviewed the transcript in this matter, and for the following reasons, we find no prejudicial error in the trial court's admission of the foregoing statements into evidence.
Where a trial judge acts as the factfinder, it is presumed that the judge is capable of disregarding improper testimony. Therefore, unless it appears that the lower court actually relied on the improper testimony in reaching its judgment, a reviewing court should be reluctant to overturn the juvenile court's judgment on a permanent custody issue on the basis of the admission of inadmissible testimony. In re Fox (Sept. 21, 1994), Henry App. No. 7-94-1, unreported; In re Jessica Z. (Sept. 2, 1994), Sandusky App. No. S-93-52, unreported, quoting In re Sims (1983), 13 Ohio App.3d 37, 41.
In the case before us, there is no indication in the record or, more specifically, in the trial court's judgment entry, that the juvenile court relied on the alleged hearsay in reaching its decision.[11] For this reason, Appellant's argument is not well-taken.
Accordingly, Appellant's third assignment of error is overruled.
ASSIGNMENT OF ERROR NO. IV
 The trial court's decision violated the Mother-Appellant's [sic] right to due process in that the court accepted the guardian ad litem's report and relied on such in rendering its decision.
Appellant asserts in her final assignment of error that the trial court erred in admitting into evidence and subsequently relying upon the guardian ad litem's report in reaching its decision. For the following reasons, we do not agree.
We first note that the role of a guardian ad litem is to "investigate the ward's situation and then to ask the court to do what the guardian feels is in the child's best interest." In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232. The guardian ad litem is required to submit a report pursuant to R.C. 2151.414(C), which provides in pertinent part as follows:
 A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath.
The guardian ad litem in the case at bar, Teresa Ballinger, failed to submit a written report, as specified in R.C.2151.414(C), either prior to or at the time of the permanent custody hearing. Upon the conclusion of the hearing of October 15, 1998, the trial court instructed the guardian ad litem to submit a report by October 28, 1998. The report was filed on October 30, 1998.
Appellant asserts that the failure of the trial court to comply with the time requirements set forth in R.C. 2151.414(C) constitutes reversible error. Appellant, however, failed to bring this error to the attention of the trial court at a time when the court would have had the opportunity to correct the omission by the guardian ad litem. The general rule is that an appellate court will not consider any error which could have been, but was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus; State, ex rel. Specht v. Board of Education (1981),66 Ohio St.2d 178, 182.
Accordingly, any error resulting from the guardian ad litem's failure to submit a written report on or before the final hearing was waived. Furthermore, we find no merit to Appellant's assertion that she was prejudiced as a result of the guardian ad litem's failure to submit the report in a timely manner.
 Accordingly, Appellant's fourth assignment of error is overruled.
Judgments affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] It appears from the record that both children have different biological fathers?neither of which has cooperated with Children's Services, nor has either appeared in court upon having been properly served by publication.
[2] Mr. Spires is the stepfather of Appellant's two children.
[3] Both children were temporarily removed from their mother in 1989, 1991, and 1994.
[4] We note that R.C. 2151.414(D) has been amended.
[5] The record reveals that Mr. Spires attended an alcohol treatment facility in late 1997, but since that time has not attended any treatment program. Further, the evidence adduced at the hearing established that both Appellant and Mr. Spires had abused marijuana within sixty days of the permanent custody hearing.
[6] We again note that neither biological father has cooperated with Children's Services nor has either appeared in court upon having been properly served by publication.
[7] R.C. 2151.414(E)(1).
[8] R.C. 2151.414(E)(2).
[9] R.C. 2151.414(E)(3).
[10] R.C. 2151.414(E)(4).
[11] We note that the judgment entry does make reference to Appellant's three day absence from her home. However, the source of the testimony referred to in the judgment entry was that of case worker Mr. Randy Haas. In her brief, Appellant asserts the trial court erred in admitting into evidence the testimony of Police Officer Jerry Zacharias. Therefore, there is no evidence before this Court that the trial court relied upon the statements of Officer Zacharias in reaching its decision.